Judith Lee SPIVEY and William Rufas
Spivey, aka W. R. Spivey, Appel-
lants (Defendants below),

v.

The CITY OF CASPER, Appellee (Third-
Party Defendant below),

M. E. Beyer and Marguerite Beyer, husband
and wife (Third-Party Defendants below),

Jim Jack Rhoades (Plaintiff below).

No. 3740.

Supreme Court of Wyoming.

June 16, 1969.

G. L. Spence, Riverton, for appellants.

David A. Scott, of Murane, Bostwick,
McDaniel & Scott, Casper, for appellee.

Before GRAY, C. J., and McINTYRE,
PARKER, and McEWAN, JJ.

PER CURIAM.

Jim Jack Rhoades sued W. R. and
Judith Lee Spivey for damages arising out
of a motor vehicle intersection accident oc-
curring at the corner of East Fifth and
Washington Streets, Casper, April 22, 1967.
Defendants denied generally, raised several
affirmative defenses, and filed a third-party
complaint against M. E. and Marguerite
Beyer, owners of the real estate situated on
the southeast corner of the mentioned inter-
section, and the City of Casper, the owner
of the land at the intersection where cer-
tain shrubbery was planted and maintained
by the Beyers, it being alleged that such
shrubbery obstructed the vision of motor-
ists and was a cause of the collision.
Rhoades filed a substantially similar cross-
complaint against the City of Casper and
the Beyers. Following responses to the
cross and third-party complaints, the City
of Casper moved for summary judgment
under Rule 56, W.R.C.P., on the ground
that the parties had failed to give written
notice within thirty days of the accident
that the parties intended to claim damages
against the City as required by § 15.1–275,
W.S.1957, C.1965. Affidavit opposing the
motion for summary judgment alleged
among other things that the City carried
liability insurance which would cover the
loss. The court granted summary judg-
ment in favor of the City and dismissed
the cross and third-party complaints against
it without making an express determination
under the provisions of Rule 54(b), W.R.C.
P., that there was no just reason for delay
in entering such judgment. This appeal
has resulted.

Situations of this nature relating to ap-
peals taken from a judgment against one
of multiple parties without any express
determination as to lack of just reason
for delay have been discussed previously by
this court on different occasions and the
reasons for the existence and enforcement
of the rule have been made clear. The
instant litigation would seem to disclose a

circumstance where absent a clear showing to the contrary a proper determination of the rights of the parties could not be effected piecemeal. The summary judgment in favor of the City of Casper was not a final order from which appeal would lie, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.